## 10290

### SCOTT *ET. AL* v. WIGGINS *ET AL.*

#### (101 S. E. 113.)

1. TRANSACTIONS WITH PERSONS SINCE DECEASED.—Code Civ. Proc. 1912, sec. 438, does not prevent a husband from testifying as to a transaction between his wife and a person since deceased; he not being a party and having no legal or equitable interest in the action.

2. EVIDENCE—PAROL EVIDENCE SHOWING CONSIDERATION.—It was competent to prove by parol evidence what the real consideration was in a deed reciting, "In consideration of $1,200 to me in hand paid at and before the sealing of these presents."

3. EVIDENCE—PAROL EVIDENCE SHOWING CONSIDERATION.—Where a warranty deed recited, "In consideration of $1,200 to me in hand paid at and before the sealing of these presents," it was competent to prove by parol that part of the $1,200 was by agreement of the parties not paid, but was reserved by the vendee to pay an outstanding incumbrance; such testimony not contradicting the warranty clause of the deed, but rather tending to sustain it.

Before BOWMAN, J., Berkeley, Summer term, 1918. Affirmed.

Action between Ben Scott and others and M. E. Wiggins. Judgment in favor of the latter, and the former appeal.

*Mr. R. Lon Weeks,* for appellant, submits: *That a covenant of general warranty, in a deed of conveyance, embraces covenant against encumbrances:* 12 S. C. 62; 30 S. C. Eq. 374; 10 S. C. L. 104; 27 S. C. 197. *Parol testimony cannot be introduced to vary, add to or alter a written instrument, which in itself is plain and free from doubt:* 24 S. C. 128; 69 S. C. 99; Greenleaf on Evidence, sec. 277; 27 S. C. 380.

*Mr. Octavus Cohen,* for respondent, submits: *Parol evidence is admissible to show the manner in which consideration or purchase money expressed in a deed of conveyance is to be paid and to whom payable:* 26 S. C. 304; 31 S. C. 320; 56 S. C. 480. *Testimony is admissible if not objected*

*to at the time it is offered:* 18 S. C. 1; 3 S. C. 510; 6 S. C. 30. *The testimony of a witness, not a party to the action, who has no interest which can be affected by the result, never has had such an interest, and is not the assignor of the thing in controversy, cannot be excluded as obnoxious to sec, 483, Code of Procedure, 1912:* 47 S. C. 488; 58 S. C. 18; 52 S. C. 371; 37 S. C. 145; 72 S. C. 556.

November 19, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The exceptions make two question: (1) When the deed recited, "In consideration of $1,200 to me in hand paid at and before the sealing of these presents," was it competent to prove by a witness that of the $1,200 as much as $400 was by agreement of the parties not paid, but was reserved by the vendee to pay an outstanding incumbrance on the property conveyed? (2) Was the witness, C. M. Wiggins, who testified to the agreement, excluded by section 438 of the Code of Civil Procedure?

The land in issue was conveyed by Mrs. M. E. Wiggins to Waring Scott for $1,200, with general warranty of title. At the instant there was an outstanding mortgage on the land of $400. Scott's heirs at law (the plaintiffs now) demanded of Mrs. Wiggins that she should lift the incumbrance and perform her warranty of title. Mrs. Wiggins proved by C. M. Wiggins, who was her husband, that Scott (dead at the trial) paid to Mrs. Wiggins $800 and reserved $400 to pay the mortgage incumbrance.

Plainly C. M. Wiggins does not fall within the inhibition of the statute to testify. He is not a party to the action; he has no legal or equitable interest which may be affected by the event of the action; previous to the examination he had no such interest; he assigned nothing in controversy in the action. Only such, by the words of the statute, are excluded as witnesses.

Since 1834, and before, it has been unifomrly held that, notwithstanding the circumstances that a deed may recite a consideration, it is competent to prove by parol testimony what the real consideration was. *Curry v. Lyles,* 2 Hill 404. Bishop states the case thus: "The consideration, which is not the promise of the parties, with its special terms and limitations, but merely the thing of the value, whereby they were nerved to make the promise, ought always to be open to inquiry by oral evidence." Bish. on Contracts, sec. 65.

The exception seems to make a third issue, to wit, that by the deed from Wiggins to Scott the grantor warranted generally the title, and that such general warranty was against the mortgage incumbrance. So much is true of fact and law. The Scotts contend, furthermore, that it is not competent to prove by parol that Wiggins did not warrant the title. So much is also true. But the testimony does not tend to contradict or vary the warranty clause of the deed; it tends to sustain it, for the proof is that Scott reserved $400 of the purchase price of $1,200 to pay off the $400 incumbrance. Beyond doubt the $400 was retained by Scott. The testimony is clear to that end, and the master and Court so found.

Therefore, the parties have only done that which the warranty provided for, to wit, the payment by Wiggins of the mortgage incumbrance.

Judgment affirmed.