16052

MOORER *et al. v.* BULL *et al.*

(46 S. E. (2d) 681)

*Messrs. J. A. Merritt* and *T. A. Houser,* of St. Matthews, for Appellants,

*Messrs. L. Marion Gressette* and *W. R. Symmes,* of St. Matthews, for Respondents,

March 3, 1948.

TAYLOR, J.: This appeal concerns a contest over the last will and testament of Fannie Moorer who died May 27, 1945 while a resident of Calhoun County in this State. She left what purported to be a last will and testament, dated January 29, 1938, which was first offered for probate in common form and accepted by the Probate Court of Calhoun

County in June, 1945. Thereafter, upon proper proceedings, this will was sought to be probated in due form of law in the Probate Court for Calhoun County which, on February 5, 1946, filed its Order refusing to admit the will in due form. From this Order, an appeal was taken to the Court of Common Pleas for Calhoun County and the matter was there tried *de novo* before the Honorable J. Robert Martin, Jr., Presiding Judge, and a jury at the November, 1946 term of the Court. The Court submitted two issues to the jury, the first posing the question of whether or not the decedent, Fannie Moorer, had sufficient mental capacity to execute a will and the second asking whether or not Fannie Moorer was unduly influenced by some person or persons when the said will was executed. The jury returned a verdict answering in the affirmative to both questions.

Motion for a new trial was made by the proponents of the will and for judgment *non obstante veredicto,* both of which were refused by the Trial Judge. Motion for a directed verdict had previously been likewise refused. In due course, proponents served Notice of Intention to Appeal to this Court.

Appellants made two exceptions to the action of the Trial Court but agreed in their brief that the only question involved is whether or not there was sufficient evidence to go to the jury on the matter of undue influence.

The record shows that at the time involved, the decedent was a person of advanced years, being eighty years of age at the time of the execution of the will, and that she was feeble, both in mind and in body. We take it that despite the evidence of her mental weakness, the jury was satisfied of her mental capacity to execute the will, which is not in conflict with the decision of our Courts since frequently a person might show some indications of a weakening of mental powers and at the same time be sufficiently in possession of his or her faculties, even so, to meet the requirements of testacy.

The jury found, on the other hand, that there was ▪ undue influence exercised in the procurement of the will, and we are asked to hold as a matter of law that there was no evidence tending to support the jury's verdict. To this proposal, we cannot agree. As observed, there was evidence of physical and mental weakness which, coupled with other circumstances in the case, make it a proper one to submit to the jury. The evidence showed that Hercules Moorer, a son of the decedent, was very closely associated with his mother and transacted her business for her for many years. There was also evidence of the fact that she was in fear of him and that he, on at least one occasion, made the statement, in substance, that he would procure for himself her estate through one means or another.

"Where the contestants introduce testimony raising ▪ a presumption of undue influence by a beneficiary sustaining a confidential or fiduciary relation toward the testator, the issue should be submitted to the jury, as where, in addition to the factor of confidential relations, there also appear the further facts of an unnatural disposition making the person charged with the undue influence chief beneficiary, and that such person generally dominated the testatrix." 68 C.J., Sec. 919, page 1099.

The case at bar is very similar to *Ex parte* McLeod ▪▪ in that there is no exception to the instructions of the Judge or other legal objections; and in that case it was held by this Court that:

"The questions of competency to make a will *and of undue influence in procuring the will to be made, where there is no exception to the instructions of the judge, or other legal objection,* are questions of fact for the jury, and their verdict will not be disturbed." (Emphasis added.) *Ex parte* McLeod, 140 S.C. 1, 138 S.E. 355, 356, which quotes with approval from *Tillman et al. v. Hatcher,* Rice 271, 280; *Ex parte* McKie, 107 S. C. 57, 91 S. E. 978, 984; In re Perry's

Will, 106 S. C. 80, 90 S. E. 401; *Farr v. Thompson,* 1 Speers, 93, 101; *Hughes v. Duncan,* 175 S. C. 367, 179 S. E. 326.

The above are but few of many cases confirming the above announced principle. This Court is therefore of the opinion that all exceptions should be overruled and the appeal dismissed; and it is so ordered.

Judgment affirmed.

BAKER, C.J., and FISHBURNE, STUKES and OXNER, JJ., concur.