## 20181

Betty C. MOCK, Appellant, v. G. G. DOWLING and Bankers Trust Company, Executors of the Estate of Lois Carter, Respondents.

(222 S. E. (2d) 773)

*Messrs. Gerald H. Cohen,* and *Thomas R. Taggart,* of Savannah, Ga., and *Ray P. McClain,* of *Epstein, McClain &Derfner,* Charleston, *for Appellant,* 

*Messrs. Luke N. Brown, Jr.,* of Ridgeland, and *William A. Ruth* of *Dowling, Dowling, Sanders & Dukes,* Hilton Head Island, *for Respondents,*

March 3, 1976.

NESS, Justice:

This will contest is limited to the issue of undue influence. The appellant-contestant is Betty C. Mock, one of the two children of the testatrix. The trial court directed a verdict for the respondents, proponents of the will. Appellant argues the proof in its totality establishes a jury question on the issue of undue influence. We disagree.

Lois E. Carter, aged sixty at the time of her death, February, 1973, was survived by two daughters, Patricia Smith and the appellant, Betty C. Mock. By her will dated December 19, 1972, testatrix left one-half of her estate in fee to

Patricia Smith and the other half to her executors in trust, income to the appellant, the *corpus* to be paid to appellant's children at appellant's death, or when the youngest child reached age thirty, whichever occurred later.

The testatrix had been a sole proprietor of a nursery on Hilton Head Island. She had inherited the nursery from her husband and over the years developed it into a valuable enterprise. Both daughters worked at the nursery, however, the appellant had worked there longer and as a salaried employee.

The contestant claims that the testatrix was dominated by her sister Patricia Smith and her husband. Proof of the circumstances that the will was an unnatural one is lacking.

The evidence most favorable to appellant indicated the testatrix had been in poor health for years, but her condition became acute months prior to her death and rapidly declined until her death. The testatrix could not get around easily by herself. She fell asleep at anytime, even at work at the nursery, and her mind wandered in conversations. Also, Patricia Smith spent a great deal of time with her and the husband of Patricia Smith was the financial adviser of the testatrix.

The right to testamentary disposition of one's property is a fundamental one which reaches back to the early common law; the right to dispose of one's property by will is most solemnly assured by law and does not depend upon its judicious use. *Smith v. Whetstone,* 209 S. C. 78, 39 S. E. (2d) 127 (1946). Moreover, when the formal execution of a will is admitted or proved, the burden is upon the contestant to prove undue influence. When he relies solely upon circumstantial evidence, the circumstances relied upon "must be such as, taken together, point unmistakably and convincingly to the fact that the mind of the testator was subjected to that of some other person, so that the will is that of the latter, and not of the former." *Id.* page 83, 39 S. E. (2d) page 129. *Havird v. Schissell,* 252 S. C.

404, 166 S. E. (2d) 801 (1969); *Farr v. Thompson, Executor,* Cheve's Law & Equity Reports 37 (1839) (reciting facts which were insufficient to submit the question of undue influence to the jury).

We are concerned with the testamentary will, intent and purpose of the testatrix on December 19, 1972. When the influence, if any, is ascertained, the issue becomes whether the influence was within legally permissible grounds or exceeded them and, therefore, was undue influence. Here, the record is totally devoid of influence other than the normal relationship of mother and daughter. The most that was shown was the existence of lawful influences arising from the mother-daughter relationship. Those influences are consistent with the assumption that the will expressed the voluntary intention of the testatrix.

It is uncontradicted that the will was prepared by reputable, competent attorney, who was previously unknown by the testatrix. Moreover, the testimony reveals that, obedient to the wishes of the testatrix, the attorney arranged to interview, and did interview, the testatrix, relative to her will, on occasions, alone at his office. He testified that she was precise, rational and decisive in answering questions in regard to her family, her property and its disposition.

. Undue influence has been interpreted by this Court on many occasions. *Smith v. Whetstone, supra,* and cases cited therein.

A mere showing of opportunity and even of a motive to exercise undue influence does not justify a submission of that issue to a jury, unless there is additional evidence that such influence was actually utilized. General influence is not enough. A contestant must show that the influence was brought directly to bear upon the testamentary act. The influence must amount to coercion destroying free agency on the part of the testatrix. The circumstances must be inconsistent with voluntary action on her part.

The record is devoid of any evidence that Patricia Smith interfered with the making of the will. Patricia Smith nor her husband dictated the will. They were not present when its proposed contents were discussed; nor were they present when the will was executed. The circumstances surrounding the drafting and execution of this document fall far short of a showing of undue influence. On the contrary, they indicate that the will was the product of the free and unfettered act of the testatrix. *Smith v. Whetstone, supra.*

Of course, undue influence may also be proved by circumstantial evidence. *Havird v. Schissell, supra; Smith v. Whetstone, supra,* but this evidence too must be of a substantial nature. Evidence must be adduced from which inferences of undue influence can be reasonably drawn before a will should be denied probate. We think the contestant has failed to sustain the burden of proof, and that the evidence here was insufficient to support a finding of undue influence. *Smith v. Whetstone, supra.*

It is elementary that the statutory right of a competent person to dispose of her property as she wishes may not be thwarted by disappointed relatives or by one who thinks the testatrix used bad judgment or was misled.

The fact that the testator gave one daughter one-half of her property in fee while leaving the other daughter's share in trust, as may have been urged upon her, does not invalidate the will; this would not constitute undue influence. *Harris v. Berry,* 231 S. C. 201, 98 S. E. (2d) 251 (1957).

Accordingly, there was no question of fact for the jury; and the motion for a directed verdict was properly granted.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.