21819

Lewis McBETH, Jr., Respondent, v. Deborah BISHOP as
Administratrix of the Estate of John E. Bishop, Appellant.
(298 S. E. (2d) 441)

444

*Michael F. Talley* of *Talley & Lewis*, Greenville, *for appellant.*

*Douglas F. Dent*, Greenville, *for respondent.*

Dec. 7, 1982.

*Per Curiam:*

Respondent commenced this action against the late attorney John E. Bishop for damages resulting from Bishop's alleged negligent representation of respondent in a partition action and subsequent negotiations for purchase of real property. After Bishop's death appellant was appointed administratrix of the estate and substituted as a party defendant in this action. The case was tried before a jury, which awarded respondent $20,000 actual damages.

Appellant alleges the trial judge committed error in two instances by admitting certain testimony over appellant's objection that the testimony was prohibited by the Dead Man's Statute, S. C. Code § 19-11-20 (1976). Appellant is correct that the testimony should not have been admitted. In both instances respondent, a party to the action, testified concerning a communication with Bishop, now deceased. The testimony was given in an action against appellant, who was defending the action as administratrix of the estate of Bishop. Respondent, of course, was directly affected by the outcome of the trial. These factors make the statute applicable and the testimony inadmissible. *See Long v. Conroy*, 246 S. C. 225, 143 S. E. (2d) 459 (1965).

These erroneous rulings, however, do not warrant reversal of the case since respondent's wife testified to substantially the same matters.

Respondent's wife, who is not a party to this action, is not disqualified by the statute merely because of her relationship to respondent. *See Scott v. Wiggins*, 113 S. C. 88, 101 S. E. 113 (1919). Appellant argues respondent's wife is disqualified by the statute due to her former dower interest in the property which was the subject of the attorney-client relationship.

Appellant, however, did not object at trial to the testimony of respondent's wife based on the Dead Man's Statute. Therefore, even if the wife's testimony was

incompetent under the statute, it was admissible due to appellant's failure to object on this ground at trial. *Tompkins v. Tompkins*, 18 S. C. 1 (1882).

Consequently, admission of respondent's testimony in the two instances complained of, although technically in violation of the statute, affords no ground upon which to reverse the verdict, because his testimony was only cumulative to other testimony establishing the claim. *Wright v. Graniteville Company*, 266 S. C. 88, 221 S. E. (2d) 777 (1976).

Other issues raised by appellant are affirmed under Rule 23 of the Rules of Practice of this Court.