22254

In re ESTATE OF Clara Mae Carter HICKS.
Ex parte Bobby L. HICKS, Appellant, v. Wilbur W. HICKS and The Estate of Clara Mae Carter Hicks, Respondents.

(327 S. E. (2d) 345)

Supreme Court

*D. M. McEachin, Jr.,* of *Zeigler, McEachin & Graham,* Florence, *for appellant.*

*E. Lee Morgan* and *Reginald C. Brown,* Florence, *for respondents.*

Heard Jan. 23, 1985.

Decided March 6, 1985.

CHANDLER, Justice:

This is a contested will case.

The Probate Court held the will invalid (1) for lack of mental capacity of the testatrix, Clara Mae Carter Hicks (Clara), and (2) for undue influence exerted upon Clara by her nephew-Respondent, Wilbur W. Hicks (Wilbur). Wilbur appealed to the Circuit Court which reversed and ordered the will probated in due form. From the order of the Circuit Court this appeal is taken.

We affirm.

## FACTS

Clara died in 1981, at age 91, leaving the contested will, dated October 14, 1977, which revoked a 1967 will.

While the two wills were principally the same, there were two material changes: (1) the 1977 will named Wilbur executor, where the 1967 will had named R. M. DeBerry; (2) the 1977 will devised entirely to Wilbur a 100 acre farm which, under the 1967 will, had been devised in equal shares to eleven nieces and nephews, including Wilbur.

After a hip injury in 1975 at age 85, Clara entered Honorage Nursing Home (Honorage). Wilbur visited Clara a minimum of once per week at Honorage, while other nephews and nieces who are opposed to the 1977 will visited her occasion-

ally only, ranging from an infrequency of once in five years to four times per year.

Dr. Myers Hicks, Clara's attending physician at Honorage and a witness for Wilbur, saw her at least once a month, as required by law. He testified without reservation that Clara was, in his opinion, competent, alert, capable of making decisions; that her "reasoning power" during the period when the 1977 will was executed "seemed good."

Dr. Marion Carr, Jr., a witness for opponents of the 1977 will, testified: that his last medical treatment of Clara was in 1975; that he visited her once in 1978 at Honorage; and that he did not know her condition in 1977, the year in which the contested will was executed.

Other testimony indicated Clara read newspapers daily, recognized visiting friends and understood her affairs.

## ISSUES

Appellant contends the Circuit Judge erred in (1) finding that Clara was competent to execute the 1977 will; (2) finding that the will was not the result of undue influence; (3) failing to consider a prior will of Clara's; and (4) placing undue emphasis upon certain testimony to the exclusion of other.

We disagree.

## SCOPE OF REVIEW

The Circuit Court tried the issues *de novo*. No jury trial was requested and, by stipulation, the judge made his findings from the record of evidence previously taken by the Probate Court. The action being one at law our review extends only to the determination of "whether there is any evidence which reasonably supports the factual findings of the judge." *Townes Associates, Ltd. v. The City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

## 1. MENTAL CAPACITY OF CLARA

The finding of mental capacity by the trial court is manifestly supported by the record. The clear and unequivocal testimony of Dr. Hicks is corroborated by that of several employees of Honorage, each of whom were in constant contact with Clara and who were disinterested witnesses. Contrary testimony was presented by nieces and

nephews affected by the changes in the 1977 will, each of whom had only slight contact with her. Dr. Carr's testimony on behalf of Appellant was understandably given little weight by the trial judge, as he admitted he had no knowledge of Clara's condition in the year 1977 and did not see her at all between 1975 and 1978.

## 2. UNDUE INFLUENCE

As with the issue of mental capacity the trial judge's finding of no undue influence will not be disturbed if there is any evidence which reasonably supports it.

During Clara's five years in Honorage, Wilbur and his wife visited Clara on a regular schedule, attended to her needs and responded to her requests.

Appellant's contention that Wilbur's constant attention to Clara is sufficient to vitiate her 1977 will on ground of undue influence is without merit. Such conduct "or the mere desire of gratifying the wishes of another, will not vitiate a testamentary act unless that act was the result of coercion or importunity beyond the testator's power to resist." *Smith v. Whetstone,* 209 S. C. 78, 39 S. E. (2d) 127 (1946); *Mock v. Dowling,* 266 S. C. 274, 222 S. E. (2d) 773 (1976).

Here, the testimony is undisputed that the 1977 will was read to Clara prior to its execution. Each of the three subscribing witnesses testified that she expressed affirmatively her approval of its provisions.

## 3. FAILURE TO CONSIDER PRIOR WILL

Appellant contends the trial judge abused his discretion by failing to consider the 1967 will as competent evidence in reaching his findings on the issues of memtal capacity and undue influence. He cites omission from judge's order of any reference to the 1967 will as conclusive that it was not considered. We disagree.

The 1967 will was an exhibit in evidence. Nothing appearing to the contrary, we must assume it was considered along with all other evidence. Moreover, there is no legal requirement that an Order shall make specific reference to each item of evidence presented.

### 4. UNDUE EMPHASIS UPON CERTAIN TESTIMONY

Appellant contends the trial judge abused his discretion by placing undue emphasis on the testimony of medical witnesses to the exclusion of lay testimony. While sitting as a jury the trial judge is the trier of the facts, and nothing in the record indicates an abuse of discretion. The medical testimony objected to by Appellant was clear, cogent and credible while the testimony relied upon by Appellant was presented by nieces and nephews who seldom visited Clara.

Appellant's final contention that the trial judge abused his discretion by "ascribing higher qualifications to Dr. Myers Hicks over Dr. Marion Carr" is without merit. It is the duty of the trier of facts to evaluate witness testimony and assign to it such weight as he determines proper.

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.