499 S.E.2d 222

**Claude M. RUSHTON, Appellant,**

**v.**

**Cindy LOTT, Individually and as Personal Representative of the Estate of Jean C. Rushton, Dianne Bresch, and American United Life Insurance Company, Respondents.**

No. 2815.

Court of Appeals of South Carolina.

Submitted Jan. 6, 1998.

Decided March 23, 1998.

Rehearing Denied April 23, 1998.

J.P. Anderson, Jr., of Nicholson & Anderson, Greenwood, for appellant.

Jim Long, Indianapolis; and Judson Ayers and Wm. Chad Bettis, both of Ayers & Smithdeal, Greenwood, for respondents.

HOWELL, Chief Judge:

Claude Rushton brought this action against Jean Rushton's estate, Jean's daughters Cindy Lott and Dianne Bresch, and Cindy Lott as personal representative of Jean's estate (collectively Respondents). Claude sought to collect all the proceeds of his estranged wife's, Jean C. Rushton's, annuity. The trial court found that in a separation agreement with Jean, Claude contracted away all rights of ownership or possession in the annuity. Claude appeals, and we affirm.

I.

Claude and Jean were married on January 9, 1982. Later that same year, Jean applied for the annuity through Ameri-

can United Life Insurance Company (United). Jean named Claude as the beneficiary. The policy provided, "Beneficiaries are as designated on the Company's records in accordance with the participant's written request. The Participant may change his beneficiary by giving written notice to the Company."

Claude and Jean separated on April 2, 1991, but never divorced. As part of their separation, Jean and Claude entered into a separation agreement. The separation agreement was eventually incorporated into a family court's order dated December 2, 1991. Paragraph twelve of the separation agreement stated, "Each party shall retain exclusive ownership and possession of their respective savings, checking or retirement accounts now in their possession."

Jean died on February 5, 1993. Despite the separation, Claude was still listed as the beneficiary of the annuity. Claude brought this action claiming that he was entitled to the proceeds of Jean's annuity, which was valued at approximately $16,000. Respondents, however, countered that the proceeds of the annuity belonged to Jean's estate because Claude waived any right to them in the separation agreement.[1] The trial court agreed with Respondents and ruled the proceeds from the annuity belonged to Jean's estate. In addition, the trial court concluded a resulting trust existed and imposed a constructive trust in the proceeds of the annuity in favor of Jean's estate.

## II.

■ Claude argues that the trial court erred by finding he contracted away his right to receive the proceeds of the annuity in the 1991 separation agreement. We disagree.

Even though Claude and Jean's separation agreement did not expressly mention Jean's annuity, the trial court could still find that the separation agreement precluded Claude from claiming an interest in the annuity. In *Estate of Revis by Revis v. Revis*, 326 S.C. 470, 484 S.E.2d 112 (Ct.App.1997), this court held:

> [W]hen a separation agreement does not specifically address a life insurance policy in which one spouse has an expectan-

---

1. Jean's will left her entire estate for her daughters to share equally.

cy as a named beneficiary, general language of release ...
is not controlling on the issue. Where the insured spouse
maintains ownership and control of the policy, including the
right to change beneficiaries, the question of whether or not
the agreement extinguishes the right of the named benefi-
ciary to claim the benefits upon the death of the estranged
spouse depends upon the intention of the insured spouse as
determined by the facts of each case.

*Id.* at 478, 484 S.E.2d at 116–17.

The trial court found that Jean considered the annuity a
retirement account, which was covered by paragraph twelve of
the separation agreement. This is an action at law tried
without a jury. *Rickborn v. Liberty Life Ins. Co.*, 321 S.C.
291, 468 S.E.2d 292 (1996) (an action on a life insurance policy
is a legal action involving a question of contract law). Accord-
ingly, we must affirm the trial court's factual finding that Jean
intended to include the annuity in the separation agreement
because it is supported by Jean's financial declaration form,
which showed that Jean viewed the annuity as an IRA, and
the testimony of Jane Bradford, a paralegal with Jean's attor-
ney's office, who said that she drafted the separation agree-
ment with the annuity included as an IRA. *Townes Assocs.,
Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976).

Next, the trial court ruled "it is clear that [Jean] did not
intend for the beneficiary interest in the Annuity to remain
with [Claude]." Supporting the trial court's finding is a letter
from Jean to Cindy Lott, Jean's daughter and the personal
representative of her estate, and testimony from Lott. Jean's
letter stated "I went to United today and had my beneficiary
changed on my IRA account. I put it in your name and
Dianne as [contingent] in case something happens to you.
Dianne is beneficiary to my annuity account." Lott testified
that Jean attempted to change the beneficiary of annuity and
that Jean thought that the beneficiary was changed.

 Claude argues, however, that both Jean's letter and
Lott's testimony violate the Dead Man's Statute, S.C.Code
Ann. § 19–11–20 (1985). Unquestionably, Jean's letter is ad-
missible. *Harris v. Berry*, 231 S.C. 201, 98 S.E.2d 251 (1957)
(holding that letters written by decedent to the testatrix and a
first cousin, who were designated as beneficiaries under the
will, were not within prohibition of the Dead Man's Statute

and were improperly excluded). In addition, because Lott's testimony is cumulative to the evidence in the letter, Claude cannot claim that it was prejudicial. *McBeth v. Bishop,* 278 S.C. 443, 298 S.E.2d 441 (1982) (Admission of testimony that technically violated the Dead Man's Statute was not reversible because the testimony was only cumulative to other admissible testimony.). We therefore affirm the trial court's finding that Jean intended for the separation agreement to extinguish Claude's beneficiary interest in the annuity. *Townes,* 266 S.C. at 85, 221 S.E.2d at 775.

Having found evidence to support the trial court's ruling that Jean intended to include her annuity in the settlement agreement and that Jean intended to divest Claude of any beneficiary interest in the annuity, we affirm the trial court's ruling that the settlement agreement precludes Claude from claiming any rights to the proceeds of the annuity.[2]

Accordingly, the decision of the trial court is

**AFFIRMED.**

CURETON and HOWARD, JJ., concur.

---

2. Given our holding, we do not need to reach Claude's arguments about the resulting and constructive trusts because they would not affect the outcome of this case.