632 S.E.2d 291

Lyn Cherry **STRIBLING** as Personal Representative
of Joseph Neal Stribling, Respondent,

v.

Linda Diane **STRIBLING**, Appellant.

No. *4129.*

Court of Appeals of South Carolina.

Heard April 6, 2006.
Decided June 26, 2006.

Melissa J. Copeland, and Catherine H. Kennedy, of Columbia, for Appellant.

Robert K. Whitney, of Seneca, for Respondent.

BEATTY, J.

Lyn Cherry Stribling (Widow), as personal representative of Joseph Neal Stribling (Husband), brought an action against Linda Dianne Stribling (Wife) seeking a court order requiring Wife to waive her claim to Husband's Individual Retirement Accounts (IRAs) pursuant to a Divorce Decree. Wife appeals the family court's order, arguing the court erred in holding Wife waived interest in non-employment related retirement accounts and erred in holding any waiver applied to her expectancy interest. We affirm.

## FACTS

Husband and Wife married on December 22, 1973. During their marriage, Husband established two IRAs: a Charles Schwab IRA in December of 1993 and a TD Waterhouse IRA in March of 1998. Husband named Wife as primary beneficiary for both IRAs; a charity was also named as a five percent beneficiary for the Schwab IRA.

In February 2003, Husband and Wife divorced pursuant to a Divorce Decree. The Decree incorporated the parties'

settlement agreement. The Decree and agreement awarded ownership of both IRAs to Husband.[1] The Decree also provided, in relevant part:

The parties acknowledge that each party is retaining his or her retirement accounts accumulated through their respective employment. The parties further acknowledge they are waiving any interest they may have in the other party's retirement. As a result, the parties agree to sign any and all documentation necessary to fully waive any right or entitlement he or she may have had in the retirement of the other. The parties will fully cooperate in securing the necessary waivers, releases, QDRO's or other required documents for the signature of the waiving party.

Not long after the parties' divorce, Husband married Widow. Husband died on July 25, 2004. At the time of Husband's death, Wife was the named beneficiary of the Waterhouse IRA and the named beneficiary of ninety-five percent of the Schwab IRA. On March 16, 2005, Widow, as personal representative of Husband's estate, brought an action against Wife seeking a court order requiring Wife to waive her claim to Husband's IRAs pursuant to the Divorce Decree.

A hearing was held on May 3, 2005. By order, the family court ruled that the "language of the settlement is clear and sufficiently comprehensive so as to establish [Wife] had waived or relinquished any interest, including expectancy interest, in [Husband's] retirement." As a result, the court ordered Wife to sign documentation necessary to waive any rights or entitlement to the IRAs. This appeal followed.

## STANDARD OF REVIEW

"An action to construe a written contract is an action at law." *S. Atl. Fin. Servs., Inc. v. Middleton,* 349 S.C. 77, 80, 562 S.E.2d 482, 484 (Ct.App.2002), *aff'd as modified,* 356 S.C. 444, 590 S.E.2d 27 (2003). Whether a contract's language is ambiguous is a question of law. *South Carolina Dep't of*

---

1. The Decree provided that "[t]he parties have agreed to a division of their assets as set out in [their settlement agreement]" and "Wife will receive all assets in her column, and Husband will receive all assets in his column." The settlement agreement listed both IRA accounts in Husband's column.

*Natural Res. v. Town of McClellanville,* 345 S.C. 617, 623, 550
S.E.2d 299, 302–03 (2001). "[W]hen a contract is clear and
unambiguous, the construction thereof is a question of law for
the court." *Bowen v. Bowen,* 345 S.C. 243, 249, 547 S.E.2d
877, 880 (Ct.App.2001), *aff'd,* 352 S.C. 494, 575 S.E.2d 573
(2003). "While a trial court's findings of fact in a nonjury
action at law should not be disturbed on appeal unless they
are without evidentiary support, a reviewing court is free to
decide questions of law with no particular deference to the
trial court." *Hunt v. S.C. Forestry Comm'n,* 358 S.C. 564,
569, 595 S.E.2d 849, 848–49 (Ct.App.2004).

## LAW/ANALYSIS

### I. Waiver of Interest in Husband's IRAs

Wife argues the family court erred in holding the Divorce
Decree clearly established Wife waived her interest in the
Husband's IRAs. Specifically, Wife asserts the Divorce Decree
only establishes waiver of interest in employment related
retirement accounts, and the Decree does not apply to the
IRAs because they are non-employment retirement accounts.
We disagree.

The construction of an agreement is a matter of
contract law. *McDuffie v. McDuffie,* 313 S.C. 397, 399, 438
S.E.2d 239, 241 (1993). "In construing a contract, the primary
objective is to ascertain and give effect to the intention of the
parties." *S. Atl. Fin. Servs.,* 349 S.C. at 80, 562 S.E.2d at 484.
"The parties' intention must, in the first instance, be derived
from the language of the contract." *Jacobs v. Serv. Merch.
Co.,* 297 S.C. 123, 128, 375 S.E.2d 1, 4 (Ct.App.1988). "If its
language is plain, unambiguous, and capable of only one
reasonable interpretation, no construction is required and the
contract's language determines the instrument's force and
effect." *Id.* "Mere lack of clarity on casual reading is not the
standard for determining whether a contract is afflicted with
ambiguity." *Gamble, Givens Moody v. Moise,* 288 S.C. 210,
215, 341 S.E.2d 147, 150 (Ct.App.1986).

We find the language of the Decree unambiguously
provides Wife waived any interest in all of Husband's retire-
ment accounts. The relevant language of the Decree states

that each of the parties retain their "retirement accounts accumulated through their respective employment." The Decree then provides that the parties *"further* acknowledge they are waiving *any interest* they may have in the other party's retirement." (emphasis added). The inclusion of the word "further" indicates that, in addition to each party retaining their respective employment-related retirement accounts, each party waives any interest in any of the other party's retirement. The Decree does not limit this waiver of interest to employment related retirement accounts, but rather simply states the waiver applies to the "other party's retirement." This interpretation is further substantiated by the settlement agreement which specifically lists both IRAs in Husband's column. Accordingly, after looking at the Decree as a whole, we find the trial court did not err in finding the Decree was clearly and sufficiently comprehensive to establish Wife waived any interest in Husband's retirement, including Husband's IRAs.

## II. Expectancy Interest

Wife next contends the family court erred in finding any waiver of interest in Husband's IRAs encompassed a waiver of an expectancy interest in the IRAs. We disagree.

■■ Generally, in South Carolina, divorce does not per se affect the rights of a beneficiary interest. *See, e.g., Duncan v. Investors Diversified Serv., Inc.,* 285 S.C. 467, 470, 330 S.E.2d 295, 296 (1985) (holding divorce does not of itself operate to defeat the beneficiary's claim to proceeds under a life insurance policy). However, it is generally recognized that a beneficiary may contract away the beneficiary interest through a separation or property settlement agreement, even if the beneficiary designation is not formally changed. *Estate of Revis by Revis v. Revis,* 326 S.C. 470, 477, 484 S.E.2d 112, 116 (Ct.App.1997).

■ In *Estate of Revis,* this court held:
[W]hen a separation agreement does not specifically address a life insurance policy in which one spouse has an expectancy as a named beneficiary, general language of release ... is not controlling on the issue. Where the insured spouse maintains ownership and control of the policy, including the

right to change beneficiaries, the question of whether or not the agreement extinguishes the right of the named beneficiary to claim the benefits upon the death of the estranged spouse depends upon the intention of the insured spouse as determined by the facts of each case.

*Id.* at 478, 484 S.E.2d at 116–17. The beneficiary interest in a life insurance policy is analogous to the beneficiary interest in an IRA. Like the beneficiary in a life insurance policy, the IRA beneficiary merely has an expectancy interest in the IRA until the owner's death. *See Luszcz v. Lavoie,* 787 So.2d 245, 248 (Fla.2d Dist.Ct.App.2001) (in holding that the IRA beneficiary designation controlled in a case where the parties' settlement agreement did not include releases of claims against each other, the court noted that "a beneficiary's rights to proceeds do not attach until the IRA owner's death. Until then, the beneficiary merely has an expectancy in the IRA because until the owner's death, the owner can do with the IRA as desired, including changing the beneficiary designation or cashing out the account altogether"); *Rishel v. Estate of Rishel,* 781 N.E.2d 735, 742 (Ind.Ct.App.2003) (in finding that the parties' settlement agreement only included a waiver of property in general and did not amount to a specific waiver of an expectancy interest in an annuity, the court noted there was no distinction between the expectancy interest in life insurance policies, retirement accounts, and annuities).

In *Rushton v. Lott,* this court, quoting the above language in *Estate of Revis,* held a separation agreement may be interpreted to preclude a beneficiary's interest in an annuity even though the agreement did not specifically mention the annuity. *Rushton v. Lott,* 330 S.C. 418, 420, 499 S.E.2d 222, 224 (Ct.App.1998). The separation agreement in *Rushton* provided: "Each party shall retain exclusive ownership and possession of their respective savings, checking or retirement accounts now in their possession." *Id.* at 420, 499 S.E.2d at 223. The court held the agreement precluded the named beneficiary from claiming rights to the proceeds of an annuity because parol evidence indicated the parties viewed the annuity as an IRA and, therefore, intended to include the annuity in the separation agreement. In *Rushton,* this court upheld the trial court's use of parol evidence to determine the separation

agreement applied to an annuity. *Id.* at 421, 499 S.E.2d at 224.

Thus, in South Carolina, a separation agreement may preclude a named beneficiary from recovery of an expectancy interest in two ways. First, a named beneficiary may be precluded from recovery when a separation agreement specifically addresses a particular policy/account providing an expectancy interest and the agreement contains language of release applicable to the policy/account. Second, when a separation agreement provides general language of release without specifically addressing the policy/account providing the expectancy interest, a named beneficiary may be precluded from recovery when the policy/account owner intended for the general waiver to apply to the expectancy interest. In other words, for separation agreements that do not specifically address a policy/account providing an expectancy interest, a general waiver is not controlling, and the effect of the general release on the expectancy interest "depends upon the intention of the [policy/account owning] spouse as determined by the facts of each case." *Estate of Revis,* 326 S.C. at 478, 484 S.E.2d at 117.

In this case, we find the waiver contained in the separation agreement is controlling because the agreement specifically addresses the IRAs. The agreement provides the parties waive "*any interest* they may have in the other party's retirement." (emphasis added). The agreement then clearly lists the IRAs in Husband's column and provides "Husband will receive all assets in his column." Thus, the agreement specifically references the IRAs providing the expectancy interest and is accompanied by a clear waiver of *any* interest, including present or future interests. Accordingly, we find the family court did not err in finding Wife waived her expectancy interest in Husband's IRAs.

## CONCLUSION

Based on the foregoing, we find the family court did not err in finding Wife waived her interest in Husband's IRAs. The decision of the court is accordingly

**AFFIRMED.**

SHORT, and WILLIAMS, JJ., concur.