THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mary Ann B. Nash and Nancy B. Clifford, Respondents,
v.
Lynette B. Wright, individually and as Personal Representative of the Estate of
R.B. Brunson, Deceased, Appellant.
In Re:  Estate of R.B. Brunson, Deceased.
 
 
 

Appeal From Darlington County
 James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2006-UP-346
Submitted October 10, 2006  Filed October 16, 2006

REVERSED AND REMANDED

 
 
 
Gary W. Crawford, of Florence, for Appellant.
David W. Keller, of Florence, for Respondents.
 
 
 

PER CURIAM:   In this will contest action, Lynette Wright, individually and as Personal Representative of the Estate of her father R.B. Brunson, appeals the circuit courts order remanding the case to the probate court for further consideration of the issue of Wrights fiduciary relationship with her father as it applies to her sisters claim of undue influence.  We reverse and remand.[1] 
FACTUAL AND PROCEDURAL BACKGROUND
Brunson passed away on December 22, 2002, at the age of 91.  He was survived by his three daughters, Wright and the plaintiffs in this case, Mary Ann B. Nash and Nancy B. Clifford.  In 1998, Wright had moved from Hawaii back to Darlington County to live with and take care of her parents.  Brunson executed a general durable power of attorney naming Wright as his attorney in fact in June of 1999.  On September 18, 2002, Brunson executed the will that is the subject of this action.  In the will, he devised a beach house in Horry County to Wright.  In addition, he devised a life estate in his residence in Darlington County to Wright with a one-third remainder interest each to Nash, Clifford, and Wrights heirs.  Both of these devises to Wright were made in consideration of her dedicated assistance to [Brunson] and [his] wife for many years.  The remainder of the estate was left to the three daughters equally.  Wright was named as the personal representative of the estate.  
Following Brunsons death, Wright commenced an informal probate of her fathers estate and was appointed as personal representative.  Nash and Clifford filed an action against Wright and the estate contesting the will.  They alleged the will was procured by fraud, coercion, duress, undue influence and/or mistake and that at the time of the execution of the will, Brunson lacked testamentary capacity.  
As a threshold question, the probate court considered Nash and Cliffords contention that Wright, who held durable power of attorney and had a fiduciary relationship with Brunson, had the burden of demonstrating that Brunson had the requisite testamentary capacity and that the will was not procured as a result of undue influence.    The court concluded that under the unambiguous language of the South Carolina Probate Code, Nash and Clifford had both the burden of proof and the burden of persuasion on both the issues of lack of testamentary capacity and undue influence.  In considering the totality of the evidence, the court concluded Brunson had the requisite mental capacity to execute his will and the will was not the result of undue influence.  
Nash and Clifford appealed the circuit court.  The court ruled that despite the provisions of the probate code, when a fiduciary relationship exists between the testator and the primary beneficiary under the testators will, the burden then shifts to the beneficiary to prove the absence of undue influence by clear and convincing evidence.  The court found it was not clear whether the probate court had made any specific determination as to whether a fiduciary relationship existed between Wright and her father.  It held without this specific conclusion, it could not rule upon the various other grounds for appeal.  Accordingly, it remanded the case to the probate court to make appropriate findings and conclusions as to whether a fiduciary relationship existed.  It allowed for the parties to present additional evidence on this issue.  Wright appealed to this court.  
DISCUSSION
Wright argues the circuit court erred in ruling that when a fiduciary relationship exists between the testator and the primary beneficiary, the burden of persuasion shifts to the beneficiary to prove the absence of undue influence by clear and convincing evidence.  We agree.   
The probate court relied on section 62-3-407 of the South Carolina Code of Laws, which sets forth the burden of proof and burden of persuasion in contested will cases.  S.C. Code Ann. § 62-3-407 (Supp. 2005).  This section provides in pertinent part:

In contested cases, petitioners who seek to establish intestacy have the burden of establishing prima facie proof of death, venue, and heirship.  Proponents of a will have the burden of establishing prima facie proof of due execution in all cases and, if they are also petitioners, prima facie proof of death and venue.  Contestants of a will have the burden of establishing undue influence, fraud, duress, mistake, revocation, or lack of testamentary intent or capacity.  Parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof.  

Id.  
When a confidential relationship exists, a presumption of invalidity of the will on the basis of undue influence arises.  Howard v. Nasser, 364 S.C. 279, 286-88, 613 S.E.2d 64, 67-68 (Ct. App. 2005).  In Nasser, this court considered section 62-3-407 and the presumption of invalidity and determined: 

[I]f the contestants of a duly executed will provide evidence that a confidential/fiduciary relationship existed sufficient to raise the presumption, the proponents of the will must offer evidence in rebuttal.  We emphasize that although the proponents of the will must present evidence in rebuttal, they do not have to affirmatively disprove the existence of undue influence.  Instead, the contestants of the will still retain the ultimate burden of proof to invalidate the will.  

Id. at 288, 613 S.E.2d at 68-69.  The court summarized:

 [W]here the contestants introduce testimony raising a presumption of undue influence by a beneficiary sustaining a confidential or fiduciary relation toward the testator, the issue should be submitted to the jury, as where, in addition to the factor of confidential relations, there also appear the further facts of an unnatural disposition making the person charged with the undue influence chief beneficiary, and that such person generally dominated the testatrix.

Id.  (quoting Moorer v. Bull, 212 S.C. 146, 149, 46 S.E.2d 681, 682 (1948) (citations omitted)). 
Although made without the benefit of this courts opinion in Nasser, the probate courts ruling on the issue of the burden of proof is in line with this courts decision.    Accordingly, we hold the circuit court erred in ruling that upon a showing of a fiduciary relationship, the burden of proof shifts to the beneficiary.
Wright argues the circuit court erred in remanding the case to the probate court to determine whether or not a fiduciary relationship existed.  We agree.  
Wright concedes that she was in a fiduciary relationship with her father.  The probate court recognized, Ms. Wright was also a power of attorney holder and owed a fiduciary duty to the testator.  The probate court did not specifically articulate that this relationship raised the presumption of invalidity.  However, even with the presumption, the burden merely shifted to Wright to present evidence in rebuttal, not to affirmatively disprove the existence of undue influence.  See Nasser, 364 S.C. at 288, 613 S.E.2d at 68 (stating that if the will contestants provide evidence that a confidential/fiduciary relationship existed sufficient to raise the presumption, the proponents of the will must offer evidence in rebuttal). The probate court considered Wrights fiduciary relationship, in addition to Nash and Cliffords other contentions, as well as Wrights rebuttal evidence that the testamentary dispositions were not the result of undue influence.  It then concluded, The court finds that the level of evidence required for a finding of undue influence was not attained.  We find the probate courts deliberation in this case was consistent with this courts ruling in Nasser.   Accordingly, we hold the circuit court erred in remanding the case to the probate court for further proceedings.[2]  

Thus we remand to the circuit court for consideration of Nash and Cliffords remaining issues on appeal.      
 REVERSED AND REMANDED.  
ANDERSON, HUFF, and SHORT, JJ. concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We take no position as to the existence of undue influence as this issue is not presently before the court.