0169

COLLINS MUSIC CO., INC., Respondent, v. James C. COOK, III, Lester Moore, and Tiger Town Tavern, Inc., Appellants.

(316 S. E. (2d) 418)

Court of Appeals

*William Ellison Long,* of *Long, Thomason, and Mullinax,* Anderson, *for appellants.*

*James R. Mann,* Greenville, *for respondent.*

Heard Jan. 23, 1984.

Decided May 7, 1984.

BELL, Judge:

This is an action by Collins Music for specific performance of an oral contract. Since the contract could not be performed within one year and was not evidenced by a writing that satisfies the statute of frauds, we reverse the decree of specific performance entered by the circuit court.

In April 1977, Collins Music contracted with one George Petusky for the exclusive right to provide game machines for

Petusky's lounge in downtown Clemson for a period of five years. The contract provided, among other things, that Collins Music and Petusky would divide the proceeds from the machines equally. It further purported to apply to any successor to Petusky's interest in the lounge. This contract was in writing and was recorded in the Pickens County clerk's office.

In December 1977, Petusky sold his interest in the lounge to the appellants James C. Cook, III and Lester Moore.[1] Petusky's contract with Collins Music was not included in the sales agreement. In January 1978, Fred J. Collins, Jr., of Collins Music met with Cook and Moore and their partners to discuss the Petusky contract. Moore was appointed by his partners to negotiate with Collins. At first Moore refused to honor the Petusky contract. Moore and Collins negotiated further and apparently reached an agreement. Although the testimony conflicted as to the nature of the agreement, the trial judge found that Moore and his partners orally agreed to assume the Petusky contract subject to certain oral modifications: Collins agreed to give Cook and Moore 60% of the proceeds, the first four weeks' coin collections to help with remodeling the lounge, and eighteen bar stools.

For the next two years the parties operated under this oral agreement. In December 1979, Moore gave written notice to Collins Music that the machines were being replaced because of poor service and maintenance. Collins Music sought an injunction against removal of the machines. The injunction was denied because of the availability of an adequate remedy at law. Collins Music then brought this action in December 1979 for specific performance. The trial judge found Cook and Moore had breached the agreement and awarded specific performance on the ground that money damages was an inadequate remedy. Cook and Moore appeal.

Both parties agree the five year Petusky contract has now expired and is, therefore, no longer subject to specific performance. However, since a court of equity has jurisdiction to award damages in lieu of specific performance, *Welling v. Crosland*, 129 S. C. 127, 123 S. E. 776 (1924), the appeal is not moot.

---

[1] The lounge was bought by Cook but he joined with Moore and others to form Tiger Town, Inc. This corporation, of which Cook and Moore were the principal shareholders, operated the lounge.

Cook and Moore contend they did not assume the Petusky contract, but rather entered into a new, oral contract with Collins Music that was terminable at will. Supposing, however, they did agree to assume the Petusky contract, they argue the statute of frauds renders the contract unenforceable against them, because they did not sign it nor assume it by a written agreement.

Section 32-3-10(5), Code of Laws of South Carolina, 1976, provides that no action shall be brought to charge a person upon an agreement that is not to be performed within one year from its making unless the agreement is in writing and signed by the person sought to be charged. Cook and Moore pleaded this statute as a defense, but the trial judge did not rule on the issue.

Collins Music concedes the contract could not be performed within one year of its making and thus is within the statute. It also admits there is no writing sufficient to satisfy the statute. It claims, however, that Cook and Moore are estopped from asserting the statute of frauds as a defense on the facts of this case.

Our Supreme Court has acknowledged that, in a proper case, the doctrine of estoppel may be invoked to prevent a party from asserting the statute of frauds. *See Florence Printing Co. v. Parnell,* 178 S. C. 119, 182 S. E. 313 (1935). In order to overcome the statutory requirement of a writing, however, the party asserting the estoppel must show that he has suffered a definite, substantial, detrimental change of position in reliance on the contract, and that no remedy except enforcement of the bargain is adequate to restore his former position. It is not sufficient to show merely that he has lost an expected benefit under the contract.

In this case, Collins Music has failed to meet the requirements of the rule. Under the original contract Collins Music expected to receive profits from the machines for five years. It actually received these profits for almost three years. It now claims it was entitled to receive profits for two more years. This is nothing more than an assertion that it has lost its benefit of bargain under the oral agreement to assume the Petusky contract. Collins Music has not shown it suffered any direct out of pocket losses or any losses from incidental reliance on the contract. Nor has it

shown that Cook and Moore were unjustly enriched. It has merely shown a loss of expectancy.

In an attempt to bring itself within the rule, Collins Music argues that it suffered a detrimental change in position because, based on its oral agreement with Cook and Moore, it refrained from suing Petusky for breach of the original contract. We fail to see the detrimental change in position. The record contains no evidence that Collins Music released Petusky from his obligations under the written contract or that its rights against Petusky were prejudiced in any way by contracting with Cook and Moore. If Collins Music had legal recourse against Petusky prior to the negotiations with Cook and Moore, there has been no showing why those rights could not be asserted after the negotiations and even now.

Collins Music also contends that it gave up eighteen bar stools, a month's machine proceeds, and an increased percentage of profits in reliance on the oral contract. These concessions were made to induce Cook and Moore to enter into the contract and are the consideration for their promise to do business with Collins. It does not appear, however, that Collins Music was placed in a worse position because of these concessions. The account with Cook and Moore was, by Collins's own testimony, the company's most profitable account in South Carolina. Collins Music made money on the arrangement for almost two years. Any expenses it incurred in carrying out its part of the bargain were recovered from the profits it received during the time Cook and Moore performed the contract. The consideration Collins Music gave to do business with Cook and Moore does not constitute the definite, substantial, detrimental change of position necessary to invoke an estoppel against the defense of the statute of frauds.

We need not consider the other exceptions, because the statute of frauds operates as a complete bar to enforcement of the contract. For the reasons stated, the judgment of the lower court is

Reversed.

SHAW and CURETON, JJ., concur.