627 S.E.2d 742

**Rick SCHNELLMANN and Jennifer Schnellmann, Appellants,**

v.

**Nancy ROETTGER, Respondent.**

**No. 4074.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2005.

Decided Jan. 17, 2006.

Rehearing Denied March 28, 2006.

18

Stephan Victor Futeral, of Mt. Pleasant, for Appellants.

Max G. Mahaffee, of Charleston, for Respondent.

STILWELL, J.:

Rick and Jennifer Schnellmann appeal the grant of summary judgment in favor of Nancy Roettger on claims of negligent misrepresentation, fraud, and unfair trade practices. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

In June of 2001, the Schnellmanns engaged Island Realty, Inc. to aid them in purchasing residential property in Mount Pleasant, South Carolina. The Schnellmanns advised their chosen representative, Island Realty, that they wanted to purchase a home in excess of 3,000 square feet. Roettger, who was affiliated with another real estate firm, was the listing agent for property located at 2958 Pignatelli Crescent. Roettger advertised the property in the Charleston Trident Multiple Listing Service as having approximately 3,350 square feet. Island Realty sent information about the property to the Schnellmanns, and the Schnellmanns entered into a purchase contract with the sellers. Additionally, the Schnellmanns gave Island Realty power of attorney to act on their behalf regarding the purchase. After closing, the Schnellmanns acquired information indicating the home was only 2,987 square feet, and this lawsuit ensued.[2] The trial court granted Roettger's motion for summary judgment on all claims.

## STANDARD OF REVIEW

In reviewing the grant of summary judgment, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP. *Nexsen v. Haddock,* 353 S.C. 74, 77, 576 S.E.2d 183, 185 (Ct.App.2002). Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *George v. Fabri,* 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). In ruling on a motion for summary judgment, the evidence and the inferences that can be drawn therefrom should be viewed in the light most favorable to the non-moving party. *Id.*

## LAW/ANALYSIS

### I. Negligent Misrepresentation

To state a claim for negligent misrepresentation a plaintiff must show (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest

---

**2.** A second measurement taken by the Schnellmanns' expert revealed the square footage of the house was closer to 3,087 square feet.

in making the statement; (3) the defendant owed a duty of care to communicate truthful information to the plaintiff; (4) the defendant breached that duty; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as a result of such reliance. *Redwend Ltd. P'ship v. Edwards*, 354 S.C. 459, 473, 581 S.E.2d 496, 504 (Ct.App.2003). The Schnellmanns argue that the trial court erred in concluding their reliance on Roettger's representation was unreasonable and they suffered no damages. We disagree.

The record shows that the MLS listing for the property indicated the square footage given was an approximation "deemed reliable but not guaranteed." [3] The listing also included the following disclaimer: "IF EXACT SQUARE FOOTAGE IS IMPORTANT TO YOU, MEASURE, MEASURE!" Furthermore, the sales contract granted the purchaser the privilege, and responsibility, to inspect the home prior to closing, the wording of the clause including specifically the home's square footage. A summary appraisal revealing the lesser square footage was performed prior to the closing. A copy of the report was not requested by the Schnellmanns.

■ It is well established that "there can be no liability for casual statements, representations as to matters of law, or matters which plaintiff could ascertain on his own in the exercise of due diligence." *Robertson v. First Union Nat'l Bank*, 350 S.C. 339, 348, 565 S.E.2d 309, 314 (Ct.App.2002) (quoting *West v. Gladney*, 341 S.C. 127, 134, 533 S.E.2d 334, 337 (Ct.App.2000)). The Schnellmanns could have discovered the misstatement by simply requesting a copy of the appraisal or by having someone come in to measure the property. They were informed via the MLS listing that the measurements were not precise. The Schnellmanns viewed the house, and proceeded with the purchase without finally determining the exact square footage. In light of the evidence presented, we agree with the trial court's conclusion that if the Schnellmanns relied on the approximation of the square footage contained in the listing, such reliance was unreasonable as a matter of law.

---

3. The listing stated: Apx SqFt: 3,350.

■ We also agree with the trial court's conclusions that the Schnellmanns suffered no damages as a result of the misstatement. As previously discussed, the property was appraised at the time of purchase and possibly again several months later as part of a refinancing.[4] The appraisals report a value more than the $478,000 purchase price paid by the Schnellmanns and reflect the square footage of the home is less than 3,000 square feet. The Schnellmanns walked through the property prior to the purchase and agreed to pay the $478,000 purchase price. Dr. Schnellmann testified, and his wife agreed, they were not arguing the value of the home at the time of purchase was less than what they paid.

> Q. And I understand from your direct testimony or, I'm sorry, your earlier testimony to Mr. Mahaffee, that you're not arguing with whether or not the house is in fact worth or was, at the time of sale, worth $478,000. You argue and contest the square footage.
>
> A. Correct.
>
> Q. But not the value.
>
> A. Uh, yes.
>
> Q. Is that correct?
>
> A. Yes.

Considering this evidence and testimony, the trial court properly concluded there was no genuine issue of material fact regarding the issue of damages.

## II. Fraud

■■ The trial court likewise granted Roettger's request for summary judgment as to fraud based on the Schnellmanns' unreasonable reliance and lack of injury. To establish a claim of fraud, plaintiffs must show by clear and convincing evidence (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon;

---

4. Dr. Schnellmann was uncertain whether the appraisal he saw indicating the home was less than 3,000 square feet was performed at the time of the closing or a subsequent appraisal performed at the time of refinancing.

and (9) the hearer's consequent and proximate injury. *King v. Oxford*, 282 S.C. 307, 311, 318 S.E.2d 125, 127 (Ct.App.1984). The Schnellmanns' inability to establish the last two of the nine requisite elements of fraud make the trial court's award of summary judgment entirely appropriate. *See O'Shields v. Southern Fountain Mobile Homes, Inc.*, 262 S.C. 276, 281, 204 S.E.2d 50, 52 (1974) ("Failure to prove any one of the . . . elements [of fraud] is fatal to recovery.").

### III. Unfair Trade Practices

Finally, the trial court granted summary judgment in favor of Roettger on the unfair trade practices claim because the acts complained of did not affect the public interest nor result in a pecuniary injury to the Schnellmanns. "The statute clearly requires that in order to recover pursuant to the UTPA one must prove . . .: 1) a violation of the Act [by the commission of an unfair or deceptive act in trade or commerce], 2) proximate cause, and 3) damages." *Charleston Lumber Co. v. Miller Housing Corp.*, 318 S.C. 471, 482, 458 S.E.2d 431, 438 (Ct.App.1995). To be associated with trade or commerce, a defendant's acts must impact the public interest. *Daisy Outdoor Adver. Co. v. Abbott*, 322 S.C. 489, 493, 473 S.E.2d 47, 49 (1996). An impact on the public interest may be shown if the acts or practices have the potential for repetition. *Crary v. Djebelli*, 329 S.C. 385, 387, 496 S.E.2d 21, 23 (1998). The potential for repetition may be shown by proving that the same kind of actions occurred in the past or by showing that the procedures employed by the defendant create a potential for repetition of the deceptive practices. *Id.* at 388, 496 S.E.2d at 23. In the present case, there was no evidence presented that Roettger had misstated square footage in MLS listings in the past or that any procedure regularly employed by her would cause this misstatement to be made again. Even if a public impact had been shown, the Schnellmanns, as discussed above, suffered no pecuniary loss.

For all of the foregoing reasons, the ruling of the trial court is

**AFFIRMED.**

KITTREDGE and WILLIAMS, JJ., concur.