THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marion L. Richardson, Appellant,
v.
Colliers Keenan, Inc., Continental Of South Carolina, Inc., and John Doe,
Defendants,
Of whom Colliers Keenan, Inc. and Continental of South Carolina, Inc. are
Respondents.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2006-UP-407
Heard November 7, 2006  Filed December 12, 2006

AFFIRMED

 
 
 
Donald E. Jonas and William Neal Lacy, both of Columbia, for Appellant.  
Charles E. Carpenter, Jr., Carmen V. Ganjehsani, and W. Cliff Moore, III, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Marion Richardson filed this contract and tort action against Colliers Keenan, Inc. and Continental of South Carolina, Inc.  After a bench trial, the master in equity entered judgment for Colliers Keenan and Continental.  Richardson appeals.  We affirm.
FACTS
Richardson and his brother, Robert Richardson, own a twenty-two acre tract of land in Richland County.  In 1998, the Riverland Hills Baptist Church approached the Richardsons about purchasing their tract, but ultimately concluded the tract was too small.  Therefore, the Richardsons attempted to purchase neighboring land from Continental and sell the combined tract to Riverland Hills.  
Continental is a small corporation formed for the sole purpose of acquiring and eventually selling the Continental tract.  Colliers Keenan is a real estate agency.  On December 23, 1998, Tom Burch of Colliers Keenan, acting on behalf of the Richardsons, delivered a letter of intent to purchase the Continental tract to Dail Longaker, Jr.  Longaker is a real estate agent with Colliers Keenan and had previously listed property for Continental.  In addition, Longakers father owns twenty percent of Continentals stock.  
In September 1999, Richardson, Longaker, and L.C. Howell, president and forty-percent shareholder of Continental, discussed the possibility of Richardson purchasing the Continental tract.  Richardson allegedly offered Howell $1.3 million for the Continental tract.  However, the parties did not execute a written contract, and the parties disagree on whether a final verbal agreement was reached.
Howell, Longaker, and Richardson met again in early 2000.  Howell informed Richardson that with the proxy vote of another shareholder, he had fifty percent of the shares and believed he could obtain a controlling vote.  Longaker reiterated to Richardson that any sale would have to be affirmed by the majority of the shareholders.  
Continental received the Richardson offer and another offer from East Lake Community Church.  On May 31, 2000, the Continental shareholders met to discuss and vote on the offers.  Longaker wrote a letter to the shareholders in preparation for the meeting.  In the letter, Longaker outlined the two offers and then stated, Strictly from a financial perspective, the sale to East Lake Community Church should be the option to pursue.  At the meeting, the shareholders voted to pursue the East Lake offer.  Howell abstained from the vote, offered his shares to the other shareholders, and resigned as president.  Dail Longaker, Sr., was elected the new president.  The sale to East Lake was not completed.  
Richardson filed this action for specific performance and damages, alleging negligence, interference with prospective business advantage and contractual relations, negligent misrepresentation, constructive fraud, breach accompanied by a fraudulent act, conspiracy, violation of the Unfair Trade Practices Act (UTPA), and professional negligence.  The action was referred by consent to the master for a final judgment.  Richardsons cause of action for specific performance was dismissed by stipulation of the parties.  
After a six day trial, the master entered judgment for Continental and Colliers Keenan finding no contract was formed between Continental and Richardson.  The master also found no causation to support the various tort actions.  
STANDARD OF REVIEW
On appeal of an action at law tried without a jury, the findings of fact of the trial court will not be disturbed unless found to be without evidence which reasonably supports the trial courts findings.  Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  This scope of review is equally applicable to the factual determinations of a master when, as in the present case, he enters final judgment.  Wigfall v. Fobbs, 295 S.C. 59, 61, 367 S.E.2d 156, 157 (1988).  
LAW/ANALYSIS[1]
I.  Formation of Contract
Richardson argues the master erred in finding Richardson and Continental did not form a contract.  We disagree.  The elements required for formation of a contract are an offer, acceptance, and valuable consideration.  Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003).  Furthermore, there must be a meeting of the minds between the parties with regard to all essential and material terms of the agreement.  Player v. Chandler, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989) (emphasis in original).  In this case, Continental never accepted an offer from Richardson.  An offer could only be accepted by the majority of the shareholders.  Richardson knew that a majority of the shareholders had to vote to accept his offer.  Like the master, we find no contract was formed.  Rather, Richardson suffered merely the loss of an expectancy.  See Collins Music Co. v. Cook, 281 S.C. 580, 583-84, 316 S.E.2d 418, 420 (Ct. App. 1984) (allowing no recovery for mere loss of expectancy).  
Further, the Statute of Frauds prohibits the sale of land, absent some exceptions, [u]nless the agreement . . . be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.  S.C. Code Ann. § 32-3-10(4) (1991).  In this case, there is no written contract and no applicable exception to the Statute of Frauds.  
II.  Causation of Contract Rejection
Richardson argues the master erred in failing to find actions of Colliers Keenan and Continental caused the shareholders to reject his offer.  We disagree.  Ordinarily, the question of proximate cause is one for the finder of fact. 
McNair v. Rainsford, 330 S.C. 332, 349, 499 S.E.2d 488, 497 (Ct. App. 1998).  Where the evidence is susceptible of only one inference, however, it becomes a matter of law for the court.  Hurd v. Williamsburg County, 353 S.C. 596, 614, 579 S.E.2d 136, 145 (Ct. App. 2003), affd, 362 S.C. 421, 611 S.E.2d 488 (2005).  
Richardson first asserts Colliers Keenans failure to have him sign an agency disclosure form caused the failure of the contract.  The purpose of the disclosure form is to inform a potential buyer or seller of the real estate agents relationship to them and the agents involvement in representing them in their transaction.  The purpose of the disclosure form was met in this case because Richardson knew of the relationship of Longaker, Jr. to Continental and knew of Longaker, Sr.s ownership interest.  Furthermore, Richardson admitted Longaker, Jr. had been represented to [him] as the agent of his client, Continental.  
Richardson also asserts Longaker, Jr.s letter advising against the Richardson offer caused the failure of the contract.  Richardson expresses the allegations against Colliers Keenan as a breach of duty owed him by Colliers Keenan via the acts of its agent, Longaker, Jr.  Under the common law, no duty is owed to another unless the duty is created by contract, statute, relationship, status or other special circumstance. 
Carson v. Adgar, 326 S.C. 212, 217, 486 S.E.2d 3, 5 (1997).  We find no duty breached by Colliers Keenan through its agent Longaker.  First, Colliers Keenan did not represent Richardson in this transaction and all previous mutual transactions between Richardson and Colliers Keenan were concluded.  Also, as previously stated, Richardson knew Longaker, Jr. was a Colliers Keenan agent and represented Continental.  
We find evidence to support the judgment.  Richardson knew his offer had to be approved by a majority of the shareholders.  The shareholders were aware of another, more lucrative, offer from East Lake.  The failure of the contract formation is directly attributable to the shareholders rejection of Richardsons offer in favor of the East Lake offer.  The record supports a conclusion that neither the failure to execute the disclosure form nor Longaker, Jr.s advisory letter caused the failure of the contract formation.  
Richardson next asserts Continental caused the failure of the contract formation through the acts of its agent, Howell.  We disagree.  It is true that a misrepresentation made by an agent while acting within the scope of his agency is attributable to the principal.  West v. Service Life & Health Ins. Co., 220 S.C. 198, 200, 66 S.E.2d 816, 817 (1951).  However, there is no evidence to support Richardsons allegation of a misrepresentation.  Richardson admitted knowledge that a majority of the shareholders had to approve the offer and knowledge that Howell owned only forty percent of Continental.  Howells statement that he believed he could get a majority to agree was mere puffing.  See Satcher v. Berry, 299 S.C. 381, 383, 385 S.E.2d 41, 42 (Ct. App. 1989) (finding sellers puffing does not ordinarily constitute misrepresentation).
III.  Additional Causes of Action
Richardson finally contends the master failed to make findings on his negligence, civil conspiracy, interference with contract, professional negligence, Unfair Trade Practices Act (UTPA), and fraud-based causes of action.  We find no reversible error.  Although the master failed to make specific findings on these causes of action, the record supports judgment for the defendants on these causes of action as Richardson cannot prove damages caused by the defendants.  See J.T. Baggerly v. CSX Transp., Inc., 370 S.C. 362, ___, 635 S.E.2d 97, 101 (2006) (requiring injuries caused by the defendants to recover on an action for negligence); Pye v. Estate of Fox, 369 S.C. 555, __, 633 S.E.2d 505, 511 (2006) (requiring same for
civil conspiracy); Crandall Corp. v. Navistar Intl Transp. Corp., 302 S.C. 265, 266, 395 S.E.2d 179, 180 (1990) (requiring same for intentional interference with prospective contractual relations); Lowrance v. Swaffield, 123 S.C. 331, 333, 116 S.E. 278, 278 (1923) (requiring same for professional negligence action against real estate broker); Schnellmann v. Roettger, 368 S.C. 17, 23, 627 S.E.2d 742, 745-46 (Ct. App. 2006) (requiring same for recovery under the UTPA); Armstrong v. Collins, 366 S.C. 204, 218, 621 S.E.2d 368, 375 (Ct. App. 2005) (requiring same for fraud).
Richardson alleged damages of lost profits from combining the Continental tract with the Richardson tract to sell as one tract.  The alleged damages arise from the failure of contract formation and, as previously discussed, represent a mere expectancy rather than actual damages.  The master appropriately found no damages caused by the defendants.  The failure of the master to make specific findings on each of these causes of action does not constitute reversible error.  See Owners Ins. Co. v. Clayton, 364 S.C. 555, 563, 614 S.E.2d 611, 615 (2005) (stating error without prejudice does not warrant reversal).
Richardson also argues the master erred in failing to make specific findings of fact on his negligent misrepresentation and fraudulent breach of contract causes of action.  We likewise find no reversible error as we find evidence to support the judgment.  
Negligent misrepresentation requires a duty and a loss due to reliance.  See Schnellmann, 368 S.C. at 20-21, 627 S.E.2d at 744 (To state a claim for
negligent misrepresentation a plaintiff must show (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest
in making the statement; (3) the defendant owed a duty of care to communicate truthful information to the plaintiff; (4) the defendant breached that duty; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as a result of such reliance.).  The master found no duty owed to Richardson, and the evidence supports this finding.  
Breach of contract accompanied by a fraudulent act requires a contract.  See Armstrong, 366 S.C. at 223, 621 S.E.2d at 377 (Having a contract is a prerequisite to proving breach of contract accompanied by a fraudulent act.).  As discussed, there is no contract in this case.  
Accordingly, although the master did not specifically address all of Richardsons causes of action, we find evidence in the record to support the judgment.
AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1] Richardson itemizes thirty-two issues but consolidates these issues into three arguments.  We likewise consolidate the issues.